**In re Tom Lee ALLEN, Sr., Linda Marie Allen, Debtors.**

**Bankruptcy No. 197–10674–7.**

United States Bankruptcy Court, N.D. Texas, Abilene Division.

Dec. 12, 1997.

---

Mary Daffin, Attorney at Law, Houston, TX, for Nationsbanc.

Walter P. Morton, Jr., Attorney at Law, Abilene, TX, for Debtors.

## ORDER CONCERNING ATTORNEY'S FEES REQUESTED BY NATIONS-BANC MORTGAGE CORPORATION

JOHN C. AKARD, Bankruptcy Judge.

On December 1, 1997, the court conducted the discharge and reaffirmation hearing in the captioned case. The Debtors presented a reaffirmation agreement with Nationsbanc Mortgage Corporation (Nationsbanc) which called for the Debtors to pay a total of $616.02 to Nationsbanc by September 15, 1997. The amount consisted of one regular monthly mortgage payment of $491.02 and "bankruptcy attorney's fees of $125.00." The Debtors stated that they had continued to make their regular monthly mortgage payments, but that they had not paid the $125.00 attorney's fees because they had not been advised where to send the funds. The Debtors' attorney stated that he had never talked to an attorney representing Nationsbanc with respect to this case. He requested Nationsbanc to remove this charge which it refused to do.

All attorney's fees to be paid by debtors in bankruptcy cases must be approved by the Bankruptcy Court. There has been no application to approve these attorney's fees in this case. Reaffirmations are governed by 11 U.S.C. § 524(c). There are no provisions in § 524(c) allowing a creditor to impose attorney's fees.

Recently the court conducted a show cause hearing over a like assessment of "bankruptcy attorney's fees" by Nationsbanc. The officer who testified for Nationsbanc stated that the $125.00 represented funds paid to an outside law firm to prepare a claim in the bankruptcy case. The preparation of a claim is a ministerial act for which no attorney's fees should be charged against a debtor. Certainly, a creditor is free to have an attorney to prepare the claim, but the cost of that preparation cannot be passed on to the debtor without specific authorization from the court. The court sanctioned Nationsbanc at the prior hearing. This order will be served on the officer who appeared at that hearing.

The court finds that Nationsbanc should be ordered not to collect or pursue the collection of the "bankruptcy attorney's fees" described above, and that Nationsbanc should furnish appropriate proof that it has not done so.

It is therefore ORDERED that:

1. Nationsbanc's demand for $125.00 against these Debtors for attorney's fees is denied.

2. Nationsbanc is enjoined from making any attempt to collect any attorney's fees from these Debtors without prior specific authorization from this court. Nationsbanc shall not charge the attorney's fees to the Debtors' tax and insurance escrow account, nor shall it add said attorney's fees to the principal or interest of the note involved.

3. Within 30 days from the entry of this order, Nationsbanc shall file a certificate signed by an executive officer of Nationsbanc under oath certifying that the attorney's fees have not and will not be charged against these Debtors, their escrow account, or their note. The certificate shall incorporate by reference and shall attach a statement showing all transactions in these Debtors' escrow account from January 1, 1997 to the current date and a statement of the applications to principal, interest, and the monthly balance on these Debtors' note from January 1, 1997 to the current date. This certificate shall be filed with the Clerk of this court at 1205 Texas Avenue, Room 408, Lubbock, Texas 79401.

4. By the same date, a copy of the foregoing certificate shall be furnished to the Debtors' attorney at his address shown below.

5. Nationsbanc shall have 20 days from the entry of this order in which to have its attorney file a motion for rehearing.